UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RAYMOND JACKSON, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 3:09-cv-0908 |
| | ) Judge Sharp |
| REGIONS BANK, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Pending before the Court is Defendant Regions Bank's Rule 12(b)(6) Motion to Dismiss Consolidated Complaint (Docket No. 73). Plaintiffs have filed a Brief in Opposition to Defendant's Second Motion to Dismiss (Docket No. 82) and Defendant has filed a Reply Memorandum (Docket No. 84). For the reasons outlined below, the motion to dismiss will be denied.

This is a diversity case wherein the allegations are that Defendant Regions Bank is liable to Plaintiffs for common law claims of (1) negligence and recklessness, (2) unjust enrichment, (3) fraudulent and negligent misrepresentation, and (4) a statutory claim under the Tennessee Consumer Protection Act. Although the parties are now operating under an amended and consolidated complaint, the causes of action presently the subject of Defendants' motion to dismiss are those previously addressed by Judge Haynes in his Memorandum denying Defendant's prior motion to dismiss (Docket No. 31).

In the 18-page Memorandum that accompanied his Order, Judge Haynes discussed the general elements of negligence under Tennessee law and their specific application to Plaintiffs' claims as non-customers of Regions Bank. He also carefully considered Plaintiffs' claims under the

1

Tennessee Consumer Protection Act, including the statute of limitations challenge, and the claim of unjust enrichment. Ultimately, Judge Haynes concluded Plaintiffs' Complaint satisfactorily set forth the necessary allegations to survive a motion to dismiss.

Although Defendant couches the current filing as a "motion to dismiss" rather than a "motion to reconsider," in essence Defendant is seeking another bite at the Rule 12(b)(6) apple. Defendant brings this renewed motion claiming that "the case law concerning negligence claims against banks in Tennessee and, more particularly, claims against banks by Ponzi scheme victims, has matured significantly" since Judge Haynes' August 4, 2010 ruling. Furthermore, Defendant asserts that "[a]ccordingly, the 'law of the case' doctrine does not apply to preclude this Court from considering Regions Bank's Rule 12(b)(6) Motion to Dismiss."

Although it is a correct statement that rulings from other jurisdictions since the filing of Judge Haynes' Memorandum have addressed the same or similar issues; those decisions, while worthy of due consideration, are not controlling and, at most, show that different judges sitting in different jurisdictions have reached decisions different from that reached by Judge Haynes.

The undersigned is not writing on a *tabula rasa*, and proper deference must be given to the decision rendered by Judge Haynes since "the law of the case doctrine provides that 'when a court decides upon a rule of law, that decision should continue to govern,'" unless exceptional circumstances exist, such as where the earlier decision was plainly erroneous. Westside Mothers v. Olszewski, 454 F.3d 532, 548 (6th Cir. 2006). It is equally true "in the context of prejudgment rulings by the same court, the law-of-the-case doctrine operates as a guide to the court's exercise of its discretion in reconsidering earlier rulings." Norton Const. Co. v. U.S. Army Corps of Engineers, 2006 WL 3526789, *5 (N.D. Ohio 2006). Yet, although "the law-of-the-case doctrine

2

is not a completely inflexible command. . . . the court's discretion to 'reach a result inconsistent with a prior decision reached in the same case is to be exercised very sparingly, and only under extraordinary conditions.'" Griffin v. Teznick, 609 F. Supp. 695, 706 (W.D. Mich. 2008)(internal citations omitted). This salutary rule takes on an added layer where a case is transferred to a successor judge because while "a successor judge has the same discretion to reconsider an order as would the first judge," the successor judge "should not overrule the earlier judge's order or judgment merely because the later judge might have decided matters differently." In re Ford Motor Co., 591 F.3d 406, 411 (5th Cir. 2009). "The question of what circumstances justify revisiting a ruling previously made by a judge of coordinate jurisdiction is case specific," but guided by the following principles:

> First, reconsideration is proper if the initial ruling was made on an inadequate record or was designed to be preliminary or tentative. . . . Second, reconsideration may be warranted if there has been a material change in controlling law. . . . Third, reconsideration may be undertaken if newly discovered evidence bears on the question. . . . Lastly, reconsideration may be appropriate to avoid manifest injustice. . . . . In that regard, however, neither doubt about the correctness of a predecessor judge's rulings nor a belief that the litigant may be able to make a more convincing argument the second time around will suffice to justify reconsideration. . . . For this purpose, there is a meaningful difference between an arguably erroneous ruling (which does not justify revisitation by a co-equal successor judge) and an unreasonable ruling that paves the way for a manifestly unjust result.

Ellis v. United States, 313 F.3d 636, 647 (1st Cir. 2002) (internal citations collecting numerous authorities from various circuits omitted).

The principles underlying reconsideration of another judge's ruling counsel against granting Defendant's motion to dismiss in this case. Judge Haynes' ruling was neither preliminary nor tentative. There has been no showing of any change in controlling law, or the existence of any new evidence, which bears upon the issues previously raised. Finally, the fact that cases from other

3

jurisdictions reached a different conclusion about the duties owed to non-customers of a bank does not mean that Judge Haynes' ruling was unreasonable; rather, his Memorandum represented a reasoned and considered interpretation of conflicting authority.

Accordingly, Defendant's Motion to Dismiss (Docket No. 73) is hereby DENIED.

It is SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE